O’Brien, J.
This is an application for a preliminary injunction to restrain the action of the defendant in its attempt to enforce a by-law which in effect provides that no paper receiving news from the Associated Press shall enter into any agreement with or take news, from any rival telegraphic news agency. It appears, that the defendant has been sending notices to numbers of its subscribers that to take the news of plaintiff was in violation of the by-law and condition on which they receive the news of the Associated Press. Thereupon various papers which took both Dunlap’s news and the Associated Press news, have discontinued plaintiff’s service to its great damage and loss.
The contention of plaintiff is that the by-law in question is illegal, and the attempt to enforce it being in restraint of trade and tending to create a monopoly. The defendant is an unincorporated association, composed of seven members, and engaged in business, and having the right to make all reasonable business regulations. That business is to gather news and furnish it to newspapers for a compensation. It enjoys no corporate franchise, and is not engaged in what can, strictly speaking, be called public business. The article dealt in is not within its control until gathered and appropriated by it, and others are free to adopt the same means, and by the expenditure of the same amount of industry and money, obtain the same information and sell it to whomsoever will buy. The plaintiff is neither a subscriber, nor in any other way connected with the defendant. Its right to maintain this action is predicated upon the claim that such a by-law per se is illegal, as infringing upon the natural rights of the public as guaranteed to them by the constitution and the laws of the State.
There can be no doubt that the distribution of news, as now carried on by defendant is a business in which, in a certain sense, the public has an interest; but this *30 does not necessarily make it a public business. I do not think that the character oí this public interest in such that the constitution is violated, or |any public policy offended by the enforcement of the by-law, which is one of the provisions in the contracts made by the defendants with its subscribers. If a subscriber, or a contractor with the defendants, or a newspaper engaged in serving the public with news, were complaining of a discrimination or a refusal to furnish the news, a different question would be presented. The affidavits of defendant flatly contradict the facts set forth by plaintiff, and further tend to show what its relation really is to its members and subscribers, as not that of-a public institution bound in any way to furnish news to all applicants, but as a private business concern, having a right to deal in its property, and regulate its affairs, and in which such a by-law and regulation as the one in question is necessary. It may be upon the trial that the facts will warrant the granting to plaintiff of some relief; but “ an injunction being a harsh remedy, will not be granted in the first instance, except upon a clear prima facie case, and upon positive averments of the equities on which the application for relief is based.” That plaintiff will be injured by the enforcement of the by-law is indisputable, but this, standing alone, is not sufficient to warrant the issuance of a preliminary injunction. To entitle one to this it must, among other things, appear, in an action of this character, that the act complained of is illegal, and a violation of his private rights (1 Rumsey’s Pr. 444).
For the reason therefore, that no act is shown which the court, upon the affidavits, could say was illegal, as to plaintiff, or a violation of his rights, the motion should be denied, with costs, to abide the event.